**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

---

KADISHA LEONA SMITH,
  *Plaintiff,*

  v.

ANDREW SAUL,
*Commissioner of the Social Security*
*Administration.,*[1]
  *Defendant.*

No. 3:16-cv-00632 (VAB)

---

**RULING AND ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

Kadisha Leona Smith ("Plaintiff") filed a motion for award of attorney's fees under 42

U.S.C. § 406(b). *See* Mot., ECF No. 40 (Mar. 5, 2019) ("Mot."). Her attorney, Charles Binder,

submitted an affirmation in support of the award, Binder Aff., ECF No. 40-2 (Mar. 5, 2019); an

itemization of his billable hours, Ex. B, ECF No. 40-3, at 5 (Mar. 5, 2019) ("Itemization of

Hours")[2]; and a supporting memorandum, Pl.'s Mem., ECF No. 40-4 (Mar. 5, 2019). Ms. Smith

seeks an award of $13,530.75, which represents one-quarter or 25% of the retroactive benefits

awarded to her, a *de facto* hourly rate of approximately $501.14. Pl.'s Mem. at 2.

The Commissioner does not object to an award of $13,530.75, but defers both "to the

Court's judgment as to whether the fee request is reasonable[,]" Gov't Resp., ECF No. 43, at 4

(Mar. 19, 2019), and whether the motion was timely filed, *id.* at 6.

---

[1] When a party in an official capacity resigns or otherwise ceases to hold office while the action is pending, the officer's successor is automatically substituted as a party, regardless of the party's failure to so move or to amend the caption; the Court may also order such substitution at any time. Fed. R. Civ. P. 25(d); *see also Williams v. Annucci*, 895 F.3d 180, 187 (2d Cir. 2018); *Tanvir v. Tanzin*, 894 F.3d 449, 459 n.7 (2d Cir. 2018). The Clerk of Court therefore will be ordered to change the defendant of the case from Carolyn Colvin to Andrew Saul.

[2] Mr. Binder submits an itemization of hours for two attorneys: himself and Daniel S. Jones, another member of his firm. *See id*. Unless otherwise stated, references made by the Court to Mr. Binder or "counsel" therefore also refer to Mr. Jones.

For the following reasons, the Court **GRANTS** Ms. Smith's motion and awards **$13,530.75** in attorney's fees under Section 406(b).[3]

## I.    STANDARD OF REVIEW

### A.  42 U.S.C. § 406(b)(1)

"The Social Security Act provides for successful representatives to be compensated for their services through deductions from payments that their clients are entitled to receive." *Binder & Binder, P.C. v. Colvin*, 818 F.3d 66, 67 (2d Cir. 2016). In relevant part, 42 U.S.C. § 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as a part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). Contingency-fee agreements "are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Gisbrecht v. Barhart*, 535 U.S. 789, 807 (2002).

In evaluating a potential fee award, "a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case," and the best indicator of reasonableness of such fees in a social security case "is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). "The attorney 'must [also]

---

[3] The Court apologizes to Ms. Smith and her counsel for the delay in addressing this motion.

show that the fee sought is reasonable for the services rendered.'" *Begej v. Berryhill*, No. 3:14-cv-1284 (WIG), 2019 WL 2183105, at *1 (D. Conn. May 21, 2019) (quoting *Gisbrecht*, 535 U.S. at 807)). Finally, "Section 406(b) does not displace any contingent-fee arrangement between the claimant and attorney, but rather sets the ceiling for an award under any such agreement at [25] percent of the past-due benefits." *Torres v. Colvin*, No. 11-cv-5309 (JGK), 2014 WL 909765, at *2 (S.D.N.Y. Mar. 6, 2014) (citing *Gisbrecht*, 535 U.S. at 792–93)).

## II.    DISCUSSION

In determining the reasonableness of a fee request brought under Section 406(b), a court considers the following factors:

> (1) whether the requested fee is out of line with the character of the representation and the results the representation achieved; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether the benefits awarded are large in comparison to the amount of the time counsel spent on the case.

*Sama v. Colvin*, No. 3:10-cv-01268 (VLB) (TPS), 2014 WL 2921661, at *2 (D. Conn. June 25, 2014) (internal quotation marks omitted).

A contingency fee arrangement encourages counsel "to take on cases that are less than sure winners," and so a "reduction in the agreed[ ]upon contingency amount should not be made lightly." *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 325 (S.D.N.Y. 2007). But "[t]his Court has broad discretion in determining whether the amount of time expended by a plaintiff's counsel was reasonable." *Barbour v. Colvin*, 993 F. Supp. 2d 284, 290 (E.D.N.Y. 2014).

Ms. Smith argues that the award here is appropriate as "there is no evidence of fraud or overreaching by counsel for Plaintiff in the instant case"; "counsel did not delay this matter and achieved success in reversing the Commissioner's decision and obtaining benefits for Plaintiff"; and the requested award "would result in a *de facto* hourly rate of approximately $501.14,"

which in her view would not be a windfall to counsel. Pl.'s Mem. at 2. Additionally, the request

was filed within thirty days of the final judgment, in compliance with Local Rule 11. *Id.* at 4

(citing D. Conn. Local R. 11 ("Except as otherwise required by statute, motions for attorneys'

fees or sanctions must be filed with the Clerk no later than 30 days after the entry of

judgment.")). Mr. Binder also affirms that "he will not seek a total fee in excess of 25 [percent]

under any combined fee sought under 42 U.S.C. § 406(a) and § 406(b)," *id.* at 4, and that upon

receiving any fee award, he "will remit $5,100.00, which represents the previously awarded

Equal Access to Justice Act ["EAJA"] fees paid to counsel in this case, *id.* at 5.

The Commissioner notes that Ms. Smith's request "does not appear to be grossly

unreasonable," Gov't Resp. at 3-4 & n.1 (collecting cases), and "defers to the Court's judgment

as to whether the fee request is reasonable," *id.* at 4. The Commissioner also "defers to the Court

as to the timeliness of counsel's motion." *Id.* at 6. Finally, the Commissioner agrees that counsel

should remit the excess of the previous EAJA fees awarded. *Id.* at 2 ("Plaintiff's counsel

properly states that, should this Court award Section 406(b) fees in excess of the previous

$5,100.00 fee awarded to him under the [EAJA] . . ., he will refund the EAJA payment to

Plaintiff.").

The Court agrees with Ms. Smith.

Ms. Smith requests that $13,530.75 be awarded for 27 hours of work, resulting in a *de

facto* hourly rate of $501.14. Pl.'s Mem. at 2. Here, Mr. Binder "achieved success in reversing

the Commissioner's decision and obtaining benefits for Plaintiff despite the case requiring

multiple hearings and appeals," including one before this Court. *Id.*; *see also Vogth-Eriksen v.

Berryhill*, No. 3:16-cv-01114 (SALM), 2018 WL 6322611, at *2 (D. Conn. Dec. 4, 2018)

(awarding benefits where counsel "achieved a fully favorable result for [the] plaintiff by securing

a remand to the administrative level and thereafter obtaining a significant award of past-due benefits"). Furthermore, there is no evidence or indication of undue delay in these proceedings or undue delay caused by Plaintiff's counsel. *See* Pl.'s Mem. at 2.

The Court next considers "whether 'the benefits awarded are large in comparison to the amount of the time counsel spent on the case.'" *Sama*, 2014 WL 292161, at *2. Here, counsel billed 27 hours on Ms. Smith's Social Security case, *see* Pl.'s Mem. at 2; Itemization of Hours, which seems reasonable on its face for a matter of this scope, *see Jones v. Colvin*, No. 3:16-cv-1685 (VAB), 2018 WL 4845744, at *1 n.1 (D. Conn. Oct. 4, 2018) (finding fees for 38.7 hours of time were reasonable because "[c]ourts in the Second Circuit have generally held that 'a routine social security case requires from twenty to forty hours of attorney time.'" (quoting *Hogan v. Astrue*, 539 F. Supp. 2d 680, 682 (W.D.N.Y. 2008))).

Courts generally consider several factors to determine if "the amount of time expended by a plaintiff's counsel was reasonable," including "the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings.'" *Claudio v. Berryhill*, No. 3:17-cv-1228 (MPS), 2019 WL 3002907, at *1 (D. Conn. July 10, 2019) (quoting *Barbour v. Colvin*, 993 F. Supp. 2d 284, 291 (E.D.N.Y. 2014)).

The administrative record in this case was over 800 pages long. *See* Answer with Trs., ECF No. 10 (July 8, 2016). Mr. Binder and Mr. Jones handled multiple hearings and appeals in this case, and Mr. Binder's firm has extensive experience litigating Social Security disability cases. Pl.'s Mem. at 2; Binder Aff. ¶¶ 9–11. Counsel's time spent reviewing, drafting, and preparing for the Social Security appeal therefore was commensurate to the task and was not unreasonable. *See Vogth-Eriksen*, 2018 WL 6322611, at *3 ("The Court finds that 28.4 hours for

5

the review of over 1500 pages of records and the production of 39 pages of persuasive, well

reasoned . . . briefing and a condensed statement of facts is well within reasonable limits."

(internal quotation marks and citation omitted)).

Furthermore, courts in this Circuit have routinely granted higher *de facto* rates. *See Valle*

*v. Colvin*, No. 13-cv-2876 (JPO), 2019 WL 2118841, at *3 (S.D.N.Y. May 15, 2019) (a *de facto*

rate of $1,079.72 an hour, "[t]hough certainly high, . . . is the product of competent and efficient

advocacy, which should not be held against counsel in their request for fees"); *Schiebel v.*

*Colvin*, No. 6:14-cv-00739 (LEK) (TWD), 2016 WL 7338410, at *3 (N.D.N.Y. Dec. 19, 2016)

(granting a *de facto* hourly rate of $975.68, in part because most of the work spent "at the

district-court level involved preparing a thorough and persuasive brief . . . [that] arguably

contributed to the Commissioner's decision to stipulate to a remand"); *Kazanjian v. Astrue*, No.

09-cv-3678 (BMC), 2011 WL 2847439, at *2 (E.D.N.Y. July 15, 2011) (noting that "[p]laintiff's

attorney should not . . . be penalized for being efficient," making a $2,100.00 hourly rate

appropriate given the work done by plaintiff's attorney).

Accordingly, the fee requested is appropriate and will be awarded.

## III.   CONCLUSION

Ms. Smith's motion for attorney's fees is **GRANTED**, and the Court awards **$13,530.75**

in attorney's fees under Section 406(b).

Mr. Binder is directed to remit $5,100.00 to Ms. Smith, the amount of the award

previously paid to him under the Equal Access to Justice Act.

**SO ORDERED** at Bridgeport, Connecticut, this 1st day of December, 2020.

    /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE